In re TRACY et al.

(Circuit Court of Appeals, Second Circuit.    November 13, 1911.)

No. 43.

BROKERS (§ 35*)—SECURITIES PLEDGED BY CUSTOMER—RIGHT TO REHYPOTHE-
   CATE.
       A broker, with whom a customer has deposited securities to margin
   future purchases and sales, has no authority to pledge such securities,
   unless he has made purchases or sales for the customer on which he is
   entitled to protection; and such a pledge, when no such purchase or
   sale has been made which could subject the broker to a loss, is a wrong-
   ful conversion.
       [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 27; Dec. Dig.
   § 35.*]

Petition to Revise Order of the District Court of the United States
for the Southern District of New York.

In the matter of William H. Tracy and others, bankrupts.   On pe-
tition by Charles S. Lester to revise an order made in the so-called
"Omnibus Proceeding No. 3," 185 Fed. 844, by which the reclamation
claims of claimants Skerry and Kampf were given priority over the
claims of petitioner.   The referee, sitting as special master, placed the
three claims in the same class.   Order reversed.

Crocker & Wickes (Frank L. Crocker, of counsel), for petitioner.
Einstein, Townsend & Guiterman (M. S. Guiterman, of counsel), for
claimant Skerry.
Thomas Fahey (Warren S. Burt, of counsel), for claimant Kampf.
Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge.   The petitioner seeks to be placed on equal
footing with the claimants Skerry and Kampf in reclamation proceed-
ings instituted in the matter of Tracy & Co., bankrupts.   The bank-
rupts were stockbrokers and had in their possession securities of the
claimants who were their customers.   Prior to the bankruptcy, the
bankrupts negotiated an individual loan with Winslow & Co., and
pledged their customers' stock to secure it, including that of the claim-
ants.   Winslow & Co. sold out the collaterals under their loan and,
after reimbursing themselves, turned over the surplus, amounting to
$6,176.67, to the receiver in bankruptcy.   Lester had deposited with the
bankrupts 100 shares of Atchison preferred, as margin to secure his
account.   This stock was sold by Winslow & Co., and Lester asserts
his right by reason of this conversion, to share in the said surplus.
The only distinction between his claim and the claims of Skerry and
Kampf is pointed out by the District Judge as follows:

   "I think that the claimants Skerry and Kampf are entitled to priority
over Lester.   The pledge of the securities of Skerry and Kampf was a pure
conversion, while Lester was dealing on margin and the pledge of his securi-
ties was within the implied authority of the brokers.   Instead, therefore,
of the claims of Skerry, Kampf and Lester ranking equally, I think that
those of Skerry and Kampf should be paid first, and that then Lester's claim
should come against the residue."

It is thus apparent that the only theory upon which Lester's claim
was made subordinate to those of Skerry and Kampf is that his se-

curities were deposited with the bankrupts as margins and the right to pledge them was, therefore, implied. This position would be tenable if the bankrupts had bought stock for his account and the securities and been actually used by the bankrupts to secure them from loss on the transaction. But, in fact, nothing of this kind took place. The transactions were purely fictitious and the bankrupts never, at any time, were liable to loss on Lester's account. In point of fact it was a clear case of conversion without excuse or palliation. If a customer leaves with his broker a bond to margin certain purchases which he proposes to make in the future and the broker sells or pledges the bond before he has received an order from the customer, there can be no doubt that the broker is liable for conversion. In order to justify the pledge of the bond, there must be a sale or purchase of stock in which the broker is entitled to protection. In the present case, every reported sale was "bucketed" by the bankrupts and they never became liable for the loss of a dollar on account of any transaction undertaken by them for the petitioner. The condition precedent upon which they had a right to pledge the securities never arose.

We think the facts bring the controversy within the decision of this court in the Case of Ennis & Stoppani, Walter Bramford, Petitioner, 187 Fed. 720, decided April 10, 1911, subsequent to the decision in the case at bar.

We do not discuss the alleged equitable superiority of the claim of the petitioner over the claim of Melissa L. Kampf, as we understood the counsel for Lester to assent to the disposition of these claims as made by the special master.

The order is reversed, with costs, and the District Court is instructed to enter an order in accordance with the recommendations of the special master.